UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ISMAEL PASTRANA,

                            Petitioner,

     -against-                                           9:03-CV-0302
                                                          (LEK/RFT)
MICHAEL K. NALLEY,

                            Respondent.

## DECISION AND ORDER

### I. Background

Petitioner Ismael Pastrana ("Petitioner") filed his *pro se* Petition for habeas corpus in this

matter, on March 13, 2003. See Petition (Dkt. No. 1). Respondent filed a Response on June 16,

2003. See Response (Dkt. No. 6). Thereafter, Petitioner filed a Notice of a change of address, on

September 17, 2003, notifying the Court and Defendants that Petitioner's address changed from FCI

Ray Brook to FCI Fort Dix. See Notice (Dkt. No. 10). The FCI Fort Dix address is the address

currently listed for Plaintiff on the Docket of this case, and is the last update received from Plaintiff.

On February 13, 2007, a Court Notice was filed informing the parties of the availability of

the option to consent to the jurisdiction of the assigned United States Magistrate Judge for all

further proceedings. See Court Notice (Dkt. No. 21). The copy of the Notice that was mailed to

Petitioner, however, was returned as undeliverable, with a notation on the envelope that Petitioner

has been released. See Dkt. No. 23.

In addition, searching the Inmate Locator maintained by the Federal Bureau of Prisons -

using Petitioner's ID Number 34439-054 - the Court has determined that Petitioner was released on

1

February 25, 2005.  See B.O.P. Inmate Locator *at* http://www.bop.gov/iloc2/LocateInmate.jsp (last

visited Mar. 16, 2007).

In the March 2003 Order of the Court (by then-Magistrate Judge Sharpe), Petitioner was

clearly warned that: "**Petitioner is also required to promptly notify the Clerk's Office of any**

**change in his address; his failure to keep such office apprised of his current address will result**

**in the dismissal of the instant action**".  See March 2003 Order (Dkt. No. 2) at 3 (emphasis in

original).

Furthermore, a Report-Recommendation and Order was filed on February 20, 2007, by the

Honorable Randolph F. Treece, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and

L.R. 72.3(c) of the Northern District of New York.  See Report-Rec. (Dkt. No. 22).  Said Report-

Recommendation recommends denying Petitioner's Petition.  Id.  Within ten days, excluding

weekends and holidays, after a party has been served with a copy of a Magistrate Judge's

Report-Recommendation, the party "may serve and file specific, written objections to the proposed

findings and recommendations," FED. R. CIV. P. 72(b), in compliance with L.R. 72.1.  No objections

have been raised in the allotted time with respect to Judge Treece's Report-Recommendation.  In

addition, after examining the record, the Court has determined that the Report-Recommendation is

not subject to attack for plain error or manifest injustice.

Therefore, after review of the Report-Recommendation, and for the reasons that follow, this

Court adopts Judge Treece's Report-Recommendation in its entirety, denies Petitioner's habeas

Petition, and dismisses this case.

## II. Discussion

United States Courts are vested with broad discretion to impose sanctions for non-compliance with court orders, and those sanctions can include the severe sanction of dismissing a case.  See Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC, No. 01 Civ. 6600(RLC), 2005 WL 3370542, at *1 (S.D.N.Y. Dec. 12, 2005) ("Moreover, the court has the inherent authority to dismiss a case when a party disobeys any of its orders.") (citing Chambers v. Nasco, Inc., 501 U.S. 32, 45 (1991)).  Southridge addressed discovery orders, but there is also no difference for non-compliance with any other court order.  See Dumpson v. Goord, No. 00-CV-6039 CJS, 2004 WL 1638183 (W.D.N.Y. Jul. 22, 2004) (Court ordered one of the plaintiffs to provide address where he could be reached; plaintiff failed to comply; plaintiff was dismissed from the case).  Rule 41(b) of the *Federal Rules of Civil Procedure* addresses not only a plaintiff's failure to prosecute, but also a plaintiff's "failure... to comply with these rules or any order of court".  FED. R. CIV. P. 41(b).  See also Dumpson, 2004 WL 1638183, at *2 ("a court may *sua sponte* dismiss a plaintiff's action for failure to comply with an order of the court.... Such decisions are committed to the Court's sound discretion.... *Pro se* plaintiffs are entitled to a degree of leniency, but this 'should not extend to the disregard of a judge's plain directives.'") (citing, *inter alia*, Costello v. United States, 365 U.S. 265, 286-87 (1961); Lucas v. Miles, 84 F.3d 532, 538 (2d Cir. 1996)).

Both attorneys and *pro se* litigants are required to immediately notify the Court and their adversaries of any change in their address or contact information.  See N.D.N.Y. L.R. 10.1(b)(2).  "Failure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action."  N.D.N.Y. L.R. 41.2(b).  "The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal

requirement for pursuing a lawsuit." Dumpson, 2004 WL 1638183, at *3.

Moreover, as then-District Judge Pooler stated:

It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

Dansby v. Albany County Corr. Facility Staff, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, D.J.) (quoting Perkins v. King, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); see, generally, N.D.N.Y. L.R. 41.2(b).

The Second Circuit in LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206 (2d Cir. 2001), held that:

*pro se* plaintiffs should be granted special leniency regarding procedural matters.... Finally, "this court has repeatedly detailed factors... to be considered before dismissal for failure to comply with a court order," and these factors significantly cabin a district court's discretion under Rule 41(b), so that "deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme."... Specifically, a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions."

LeSane, 239 F.3d at 209 (citing and quoting Lucas, 84 F.3d at 535; Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)).

This Court has evaluated the factors as set forth by the Second Circuit. Petitioner's inaction and failure to update his address has spanned several years. Petitioner has clearly failed to comply

4

with an Order of the Court (March 2003 - see Dkt. No. 2) and with Local Rule 10.1(b)(2) in failing

to update his address.  Petitioner's own failure to update his address has frustrated this Court's

ability to contact him.  The Court finds that it would be futile to make any further attempts to

contact Petitioner.  See, generally, Bottom v. Cooper, No. 03-CV-6493L, 2005 WL 2496052

(W.D.N.Y. Oct. 7, 2005).

Given the law and factors discussed above, Petitioner's failures in this matter warrant the

imposition of the sanction of dismissal.


### III.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 22) is **APPROVED** and

**ADOPTED IN ITS ENTIRETY**; and it is further

**ORDERED**, that Petitioner's Petition for a writ of habeas corpus (Dkt. No. 1) is

**DISMISSED** due to both Petitioner's failure to update his address as required by this District's

Local Rules and a prior Order of the Court, and for the reasons provided in the Report-

Recommendation.  The Clerk of the Court shall **CLOSE Case Number 9:03-CV-0302**

**(LEK/RFT)**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:        March 29, 2007
              Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

5